IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Barbara Beals-Morris, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| CMRE Financial Services, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.      Plaintiff, Barbara Beals-Morris, is a natural person who resides in Muscogee County, Georgia.

2.      Defendant, CMRE Financial Services, Inc. is a corporation formed under the laws of the State of California and registered to do business in Georgia. Defendant may be served with process via its registered agent, Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Roswell, GA, 30076.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Fulton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.      Plaintiff is allegedly obligated to pay a consumer debt arising out of medical visit in 2017 and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a collection agency specializing in the collection of consumer debt.

9.      Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     The Plaintiff has fallen behind on a number of her accounts and bills.

13.     As part of an ongoing effort to get her financial affairs in order, the Plaintiff obtained a copy of her credit report.

14.     In reviewing her credit files, Plaintiff noted that Defendant had reported to major credit reporting agencies, showing an account under collection.

15.     The Plaintiff did not recognize the account, or was unfamiliar with information being reported by the Defendant.

16.     On or about July of 2020, Plaintiff initiated a call to Defendant to obtain more information.

17.     Defendant informed Plaintiff that the account was for a medical visit in 2017.

18.     During the course of the call, Plaintiff asked how long the negative entry would remain on her credit report as reported by Defendant.

19.     Defendant responded by stating that the tradeline would be reported "7 to 10 years."

20.     Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

21.      The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

22.     Defendant's representations were false and misleading, making Plaintiff believe that Defendant would leave the account on her credit report for up to 10 years from the date of the phone call, thus until 2030.

23.     The FCRA would require the account to be removed from Plaintiff's credit report seven (7) years from delinquency and the account was sent to collections in 2017, meaning the account was due to be removed from Plaintiff's credit report in 2024.

24.     Defendant's representations were a threat to leave credit information on Plaintiff's credit reports for longer than the time allowed by law, thus threatening to take action which is not allowed under the FCRA.

25.     Plaintiff's accounts which were being collected by Defendant could only legally remain on Plaintiff's credit report for seven years from the date of being sent to collections or being "charged-off."

26.     Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

27.     Plaintiff was misled by Defendant's false statements and suffered actual and particularized harm as a result, including anxiety and worry about how long the account would affect her credit and taking time to consult with counsel about client's false statements.

## INJURIES-IN-FACT

28.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

29.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

30.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

31.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

32.     Defendant's acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and took time to discuss her debt with counsel in response to the false statements.

33.     Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## **DAMAGES**

34.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)     Anxiety and worry caused by concern that Defendant could report the account for up to ten years.

## CAUSE OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

35.     Plaintiff incorporates by reference paragraphs 1 through 34 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

36.     15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

37.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

38.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

39.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

40.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

41.     Defendant's representations or implications that led Plaintiff to believe that he may be subject to negative credit reporting for ten years in connection with the debt in collection was objectively false and or materially misleading and a violation of 15 U.S.C. § 1692e, e(5), and e(8) among others.

42.     As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES

## ACT

## O.C.G.A. § 10-1-390, *et seq.*

43.     Plaintiff incorporates by reference paragraphs 1 through 42 as though fully stated herein.

44.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

45.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

46.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

47.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

48.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

49.     Defendant's conduct has implications for the consuming public in general.

50.     Defendant's conduct negatively impacts the consumer marketplace.

51.     Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

52.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

53.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

54.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

55.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

56.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

57.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.)     Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of August, 2020.

BERRY & ASSOCIATES
*/s/ Matthew T. Berry*
Matthew T. Berry

Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No.: 614061
P.O. Box 451328
Atlanta, GA 31145
470-990-2568
chris.armor@armorlaw.com

*Plaintiff's Attorneys*